UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEMAYEHU JIMMA,<br><br>                Plaintiff,<br><br>   v.<br><br>CITY OF SEATTLE, et al.,<br><br>                Defendants. | Case No. 2:18-cv-001819-RSL<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL** |

Plaintiff, filed an amended complaint against Seattle Police Officers Jennifer Gardner, Steven Bale and Cory Williams. Dkt. 5. Plaintiff alleges: "falsely charged me of a crime #63248, racial profile by changing my identity. Child negligence and cover up abuse." *Id.* As relief he asks the court to reopen the investigation against him and to "remedy criminal complaint #63248." *Id.* On January 28, 2019, plaintiff filed a motion for appointment of counsel. Dkt. 7. The motion has been referred to the undersigned judge. The Court has reviewed the motion and the record in this case and **DENIES** the motion. Dkt. 7.

There is generally no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). The Court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine if "exceptional circumstances" exist,

ORDER DENYING MOTION TO APPOINT COUNSEL - 1

the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Plaintiff requests appointment of counsel because he contacted 5-6 lawyers but they have not taken his case, he is disabled and has language barriers, and "the legal challenges are complex." Dkt. 7. The pleadings plaintiff filed are in English and thus plaintiff's language barrier has not impeded plaintiff from pleading his case. Plaintiff's contention he has no legal experience is not an exceptional circumstances because this does not place him in a position that is any different from other *pro se* plaintiffs living in the community. In addition, the amended complaint on its face does indicates the likelihood of success may be problematic. To the extent plaintiff has been charged with a crime that is still pending, his lawsuit about a false arrest need to be addressed in the City or State Court as a federal court normally must abstain from interfering with on-going state criminal cases. If plaintiff is claiming his arrest led to a criminal conviction, his civil rights claim may also falter, as civil rights claims seeking to reverse or dismiss a criminal conviction are normally not permitted. Accordingly appointment of counsel is presently not justified, and the Court **DENIES** the motion (Dkt. 7). The Clerk shall provide a copy of this Order to plaintiff.

DATED this 30th day of January, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge