UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALEMAYEHU JIMMA,

    Plaintiff,

v.

CITY OF SEATTLE, et al.,

    Defendants.

Case No. 2:18-CV-1819-RSL

ORDER GRANTING EXTENSION OF TIME TO SERVE DEFENDANTS

    This matter comes before the Court on the Court's order to show cause, Dkt. #9, and plaintiff Alemayehu Jimma's "Motion for Discovery." Dkt. #18. Plaintiff was granted leave to proceed *in forma pauperis* on October 12, 2018. Dkt. #3. He filed an Amended Complaint on November 28, 2018. Dkt. #5. On April 5, 2019, the Court noted that service of the summons and complaint had not been made on defendants as required by Federal Rule of Civil Procedure 4(m) and ordered plaintiff to show cause why the complaint should not be dismissed. Dkt. #9; see Fed. R. Civ. P. 12(b)(5).

    Plaintiff filed a response on April 17, 2019. Dkt. #10. He claims that "the City of Seattle was served documents by the United States Postal Service" and that Assistant City Attorney Susan Park ("ACA Park") "accepted service for defendants." Id. at 1. The City of Seattle ("the City") filed a reply on April 23, 2019, along with a declaration from ACA Park. Dkts. #11, #12. ACA Park states that she did not agree to accept service. Dkt. #12 at ¶¶ 2–3. She states that plaintiff appeared at the City Attorney's Office on April 15, 2019. Id. at ¶ 3. The next day, ACA

ORDER GRANTING EXTENSION OF TIME
TO SERVE DEFENDANTS - 1

Park sent a letter to him stating that, "[g]iven the service delay, the lack of notice, and the fact that the pleadings are reflective of ones we are currently engaged in other litigation on, we will not complete waivers of service. Additionally, it appears as if you have also exceeded the deadline for service of summons." Ex. A, Dkt. #12-1 at 2–3. She reiterated this in a second letter dated April 17, 2019, following a telephone conversation with plaintiff. Ex. B, Dkt. #12-2 at 6. The Court accordingly dismissed plaintiff's complaint on June 20, 2019. Dkt. #15.

On May 24, 2019, plaintiff filed a "Motion to Reopen Dismissed Case," claiming that he was not served with the documents filed by ACA Park. Dkt. #17. The Court found that the City's response included a Certificate of Service indicating that it was mailed to plaintiff at the address appearing in the Court docket. Dkt. #11 at 4. However, as plaintiff claimed that he did not receive it, the Court permitted plaintiff to file a reply and vacated the judgment entered in favor of defendants. Dkt. #19. Plaintiff filed a declaration on July 3, 2019. Dkt. #20. He states that he mailed a copy of the complaint by certified mail, return receipt requested, to the Seattle City Attorney's Office. Id. at 1, 4. He also states that he visited the Office himself and was told by their "Office Manager … that the [Office] had received the copy of the complaint that [he] mailed to them and that [he] did not need to give them another copy." Id. at 2.

Plaintiff has still failed to perfect service upon defendants. See Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint."); see id. at 4(m). Plaintiff is advised to make use of the provisions for waiver of service of process. See Fed. R. Civ. P. 4(d). The Waiver Form utilized by the District Court for the Western District of Washington is attached herewith.

For all the foregoing reasons, the Court hereby ORDERS that the deadline for service upon defendants shall be extended for an additional 60 days from the date of this Order. Plaintiff's motion for discovery, see Dkt. #18, is DENIED as moot.

1   DATED this 22nd day of July, 2019.

        *Robert S. Lasnik*
        Robert S. Lasnik
        United States District Judge

ORDER GRANTING EXTENSION OF TIME
TO SERVE DEFENDANTS - 3

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

|  |  |
|---|---|
| _____ <br> *Plaintiff* <br> v. <br> _____ <br> *Defendant* | ) <br> ) <br> ) Civil Action No. <br> ) <br> ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
    *(Name of the plaintiff's attorney or unrepresented plaintiff)*

    I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

    I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

                                                 _____
                                                *Signature of the attorney or unrepresented party*

_____         _____
*Printed name of party waiving service of summons*         *Printed name*

                                                 _____
                                                *Address*

                                               _____
                                               *E-mail address*

                                               _____
                                               *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

    Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

    "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

    If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

    If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.