UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEMAYEHU JIMMA, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF SEATTLE, et al., <br><br> Defendants. | Case No. 2:18-CV-01819-RSL <br><br> ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on defendants' "Motion for Summary Judgment." Dkt. #23. After defendants filed the instant motion, the Court granted summary judgment against plaintiff on the same claims in <u>Jimma v. City of Seattle Police Dep't</u>, No. 18-CV-771-RSL (Dkt. #37).

"A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." <u>Federated Dep't Stores, Inc. v. Moitie</u>, 452 U.S. 394, 398 (1981). Where there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between the parties" res judicata applies and will bar a subsequent lawsuit arising from the same "transactional nucleus of facts." <u>Owens v. Kaiser Found. Health Plan, Inc.</u>, 244 F.3d 708, 713 (9th Cir. 2001). Two events are part of the same transaction if they "arise from the same set of facts and could conveniently be tried together." <u>Mpoyo v. Litton Electro-Optical Sys.</u>, 430 F.3d 985, 987 (9th Cir. 2005).

First, the causes of action plaintiff asserts in this matter are identical to those that the Court dismissed in <u>Jimma</u>, No. 18-CV-00771-RSL. Plaintiff's claims in both cases arise from

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 1

the same two incidents of arrest on May 25, 2017 and January 3, 2018, and allege infringements of plaintiff's Fourth Amendment and Equal Protection rights. Compare Dkt. #5 (Am. Compl.) with Jimma, No. 18-CV-00771-RSL (Dkt. #7 (Compl.)). Prosecution of plaintiff's claims in this matter would be inconsistent with the Court's dismissal in Jimma, No. 18-CV-00771-RSL because the claims in each matter are identical.

Second, the Court's dismissal with prejudice in Jimma, No. 18-CV-771-RSL (Dkt. # 37) constituted a "final judgment on the merits." See Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 686 (9th Cir. 2005) (quoting Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002)) ("'[F]inal judgment on the merits' is synonymous with 'dismissal with prejudice.'").

Third, plaintiff brought his claims against Seattle Police Department and its officers in this matter and in Jimma, No. 18-CV-00771-RSL. Compare Dkt. #5 (Am. Compl.) with Jimma, No. 18-CV-00771-RSL (Dkt. #7 (Compl.)); see also In re Int'l Nutronics, 28 F.3d 965, 969 (9th Cir. 1994) ("The doctrine of res judicata bars a party from bringing a claim if a court of competent jurisdiction has rendered final judgment on the merits of the claim in a previous action involving the same parties or their privies.").[1]

For all the foregoing reasons, plaintiff's claims in this matter are barred by the doctrine of res judicata. Accordingly, defendants' motion for summary judgment (Dkt. #23) is GRANTED. The Clerk of Court is directed to enter judgment for defendants and close this case.

//
//

---

[1] Plaintiff's addition of the City of Seattle as a defendant in this matter does not change the Court's analysis. The City of Seattle is in privity with Seattle Police Department since the two have identical interests in this matter. See Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC, 692 F.3d 983 (internal quotation marks and citation omitted) ("It is well-established that a non-party may be bound by a judgment if one of the parties to the earlier suit is so closely aligned with the non-party's interests as to be its virtual representative").

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 2

DATED this 5th day of February, 2020.

_MRS Lasnik_
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 3